UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Taylor-Ramsey Corporation,** *et al.*, | ) | **Chapter 11** |
| | ) | **Case No. 09-10017** |
| **Debtor.** | ) | |
| _____ | ) | |
| | ) | |
| **Official Committee of Unsecured Creditors** | ) | |
| **of Taylor-Ramsey Corporation,** | ) | |
| | ) | **A.P. Nos. 10-2046** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Harriet Ramsey,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came on for hearing on September 12, 2011, in Greensboro, North Carolina on cross-motions for partial summary judgment in the above-referenced adversary proceeding. Julie Pape appeared on behalf of the Plaintiff, and Sarah Sparrow appeared on behalf of Harriet Ramsey, the Defendant.

**FACTS**

The facts relevant to this motion are not in dispute. Since September 22, 2003, members of the Defendant's family have owned more than 90% of the common stock of Taylor-Ramsey Corporation ("TRC"), a Virginia corporation. Specifically, George P. Ramsey, Jr., who is the Defendant's husband, has owned 35.6%, the Defendant's three sons have each owned 18.1%, and the Defendant's two sons-in-law have collectively owned 4.1%. TRC's employee stock

ownership plan has owned the remaining 6.0%. Also from approximately September 22, 2003, the Defendant, the Defendant's husband, and the Defendant's three sons have comprised TRC's board of directors.

On July 1, 2005, the Defendant made what she characterizes as a $1.0 million loan to TRC consisting of cash in the amount of $970,374.00 and a rollover of the $26,241.00 balance on a prior note in the principal amount of $26,241.00. This transaction is evidenced by a promissory note dated July 1, 2005 (the "Note") in the principal amount of $1.0 million payable to Harriet T. Ramsey Revocable Trust Dated October 28, 2004. TRC also executed a deed of trust on certain real property located in Bedford County, Virginia dated July 1, 2005 (the "Deed of Trust") from TRC to Theodore J. Craddock and John F. Richards, Trustees, for the benefit of the Harriet T. Ramsey Revocable Trust Dated October 28, 2004 and the George P. Ramsey, Jr. Revocable Trust Dated October 28, 2004.

TRC filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 6, 2009. TRC has operated as a debtor-in-possession pursuant to a confirmed plan that provides for the liquidation of its assets. TRC's schedules reflect an indebtedness to the Defendant in the amount of $1.0 million secured by certain real property. The Defendant filed a proof of claim asserting a secured claim in the amount of $1.0 million and an unsecured claim in the amount of $40,967.74 (the "Claim"). Copies of the Note and the Deed of Trust on various real property owned by TRC in Bedford County, Virginia, are attached to the Claim. The Deed of Trust was not, and has never been, recorded with the Register of Deeds for Bedford County, Virginia.

TRC's First Amended Disclosure Statement Regarding the First Amended Plan of Reorganization defines the Defendant's Claim as a claim secured by real property. TRC's First

Amended Plan of Reorganization (the "Plan") was confirmed on November 20, 2009 and provides for treatment of the Claim as a claim secured by real property. Notwithstanding, paragraph 26.f.ii of the order confirming the plan provides that:

> As permitted by section 1123(b)(3), the Plan specifically and unequivocally provides for and reserves for the Reorganized Debtors the retention and enforcement by the Reorganized Debtors of all claims, rights and causes of action that the Debtors, the Reorganized Debtors or the Estates may hold against any Entity. These causes of action specifically include causes of action which the Debtors could bring under chapter 5 of the Bankruptcy Code and the causes of action existing as of the filing date, including claims against Insiders as that term is used in section 101(31) of the Bankruptcy Code. Sections 7.7 and 13.12 of the Plan specifically and unequivocally assign to the TRC Committee and the TRWP Committee the responsibility of investigating and pursuing on behalf of the Reorganized Debtors any causes of action against prior and current Insiders as that term is used in section 101(31) of the Bankruptcy Code including without limitation Ramsey and any Ramsey trust(s). Such causes of action shall include, but shall not be limited to, avoidance actions pursuant chapter 5 of the Bankruptcy Code. The TRC Committee and the TRWP Committee are therefore authorized to bring such actions on behalf of and in the name of the Reorganized Debtors and to conduct any discovery associated therewith, including, but not limited to, conducting examinations pursuant to Rule 2004 of the Bankruptcy Rules.

On September 17, 2010, the Plaintiff filed the complaint commencing this adversary proceeding and asserting claims for (1) the avoidance of the Deed of Trust as unperfected; (2) re-characterization of the Defendant's Claim; (3) equitable subordination of the Defendant's Claim; (4) breach of fiduciary duty; (5) avoidance of fraudulent conveyances pursuant to 11 U.S.C. § 548; (6) avoidance of fraudulent transfers pursuant to 11 U.S.C. § 544 and Va. Code Ann. § 55-80; (7) avoidance of preferential transfers pursuant to 11 U.S.C. § 547; (8) recovery of transfers pursuant to 11 U.S.C. § 550; and (9) disallowance of the Defendant's Claim pursuant to 11 U.S.C. § 502(d). Both the Plaintiff and Defendant filed a motion for partial summary judgment as to the first cause of action, avoidance of the Defendant's Deed of Trust as unperfected. The

parties agree that as to this first cause of action, this court has jurisdiction over the subject matter of the proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina, and that it is a core proceeding.

## SUMMARY JUDGMENT STANDARD

The standard for summary judgment is set forth in Fed. R. Civ. P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides that the movant will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party has established that there is an absence of any genuine issue of material fact, the burden shifts to the non-moving party to present some evidence of a genuine issue of material fact. *Id.*

## ISSUE PRESENTED

The issue before the court is whether the Plaintiff is entitled, as a matter of law, to avoid the Defendant's unrecorded Deed of Trust as a hypothetical judicial lien creditor pursuant to 11 U.S.C. § 544(a)(1).

## ANALYSIS

Section 544 of the Bankruptcy Code grants a bankruptcy trustee certain strong-arm powers including the right and power to avoid transfers that would have been voidable by a judicial lien creditor, an unsatisfied execution creditor, or a bona fide purchaser of real property, and may avoid a transfer that would be avoidable by an unsecured creditor under applicable state

law. 11 U.S.C. § 544. Section 544 (a) states as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a). The purpose of the trustee's strong arm powers is to cut off unperfected security interests and other undisclosed claims against the debtor's property as of the bankruptcy petition date. *In re Houston.* 409 B.R. 799, 805 (Bankr. D. S.C. 2008) (citing 5 *Collier on Bankruptcy* ¶ 544.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2008)). "The trustee's powers 'serve essentially to marshal all of the debtor's assets, including some that the debtor itself could not recover, in order to enhance the resources available to the pool of creditors.'" *In re Kitchin Equipment Co. of Virginia, Inc.*, 960 F.2d 1242, 1245 (4th Cir. 1992) (quoting *In re Quality Holstein Leasing*, 752 F.2d 1009, 1014 (5th Cir.1985)).

Pursuant to 11 U.S.C. § 1107, a Chapter 11 debtor-in-possession has the rights of a bankruptcy trustee, other than the right to compensation under § 330, including the trustee's § 544 strong-arm powers as set forth above. 11 U.S.C. § 1107; *In re Coleman*, 426 F.3d 719, 725

(4th Cir. 2005). Taken together, §§ 544(a)(1) and 1107 specifically empower a Chapter 11 debtor-in-possession to avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a hypothetical judicial lien creditor. In this case, the confirmed plan assigns to the Plaintiff the responsibility of investigating and pursuing claims against certain parties, including the Defendant, on behalf of the debtor-in-possession. The Plaintiff, as assignee, can have no greater rights or powers than TRC.  Prior to assigning them, TRC, as a Chapter 11 debtor-in-possession, had the rights of a bankruptcy trustee as provided by § 1107, which included those of a hypothetical lien creditor, and were greater than those of TRC as merely a debtor.

While it is § 544(a)(1) of the Bankruptcy Code that grants the rights of a hypothetical lien creditor to the trustee, the scope of those rights is determined by applicable state law. *In re Kitchin Equipment Co. of Virginia, Inc.*, 960 F.2d at 1245; *In re Project Homestead, Inc.,* 374 B.R. 193, 204 (Bankr. M.D.N.C. 2007). In this case, the applicable state law is that of Virginia, where the real property subject to the Deed of Trust is located, the Debtor is organized, and the Defendant resides. Pursuant to VA Code Ann. § 55-96, unrecorded deeds of trust are void as to all lien creditors:

> Every (i) such contract in writing, (ii) deed conveying any such estate or term, (iii) deed of gift, or deed of trust, or mortgage conveying real estate or goods and chattels and (iv) such bill of sale, or contract for the sale of goods and chattels, when the possession is allowed to remain with the grantor, shall be void as to all purchasers for valuable consideration without notice not parties thereto and lien creditors, until and except from the time it is duly admitted to record in the county or city wherein the property embraced in such contract, deed or bill of sale may be.

VA Code Ann. § 55-96(a)(1).  "In Virginia, a lien creditor's rights are protected upon recordation, irrespective of the lien creditor's actual or constructive knowledge of conflicting

interests in the property." *Ameribanc Sav. Banks, F.S.B. v. Resolution Trust Corp.*, 858 F.Supp. 576, 582 (E.D.Va. 1994) (citation omitted). Accordingly, pursuant to Virginia law, the Defendant's Deed of Trust would be void as to a lien creditor of TRC because the Deed of Trust is unrecorded.

The Defendant contends that despite the plain language of §§ 544(a)(1) and 1107, the Plaintiff is barred from avoiding the unrecorded Deed of Trust for the benefit of the estate by *In re Hartman Paving, Inc.*, 745 F.2d 307 (4th Cir. 1984). In *Hartman Paving*, the Fourth Circuit limited a Chapter 11 debtor-in-possession's strong arm power to avoid a deed of trust under § 544(a)(3) as a bona fide purchaser, by charging the debtor's actual notice of the deed of trust to the debtor-in-possession acting as bankruptcy trustee. *Id*. at 310. The court relied on *Tavenner v. Barrett,* 21 W.Va. 656 (1883)(overruled by *Galloway v. Cinello*, 188 W.Va. 266, 271 (1992)) to find that under West Virginia law, a deed of trust is invalid if the trustee also acts as notary for that document except as between the parties to the deed of trust or those with actual notice of the deed of trust. *Id*. at 309. Thus, applying West Virginia law, the court held that the flawed deed of trust at issue in *Hartman Paving* was valid against the debtor-in-possession because the debtor had actual notice of the deed of trust. *Id.* at 310. This court agrees with the analysis in *In re Law Developers, Inc*., 404 B.R. 136, 139 (Bankr. E.D.N.C. 2008), that *Hartman Paving* was focused on § 544(a)(3) rather than § 544(a)(1). *Hartman Paving* specifically holds that "although Hartman is entitled to claim the powers of a *subsequent purchaser* for value under § 544(a), those powers, as properly defined under local law, do not permit him to void the deed because—simply stated—Hartman is not the type of subsequent purchaser that *Tavenner* was designed to protect." *Hartman Paving*, 745 F.2d at 310 (emphasis added). *Hartman Paving's*

holding was not premised upon the Chapter 11 debtor-in-possession acting as a hypothetical lien creditor. *Id*.

Furthermore, *Hartman Paving* is decided under West Virginia law, applying the *Tavenner* case to the bankruptcy setting. In this case, Virginia law is applicable, and unlike in *Hartman Paving*, actual notice is not at issue here: under Virginia law a lien creditor has priority over the unrecorded Deed of Trust regardless of any actual or constructive notice. Extending *Hartman Paving* to the facts of this case would protect an unrecorded deed of trust between the debtor and an insider of the debtor to the detriment of unsecured creditors. Those unsecured creditors were entitled to rely on the public records when extending credit to TRC, records in which there was no evidence of the Deed of Trust. Rather, allowing the Plaintiff to utilize the strong arm powers serves the exact purpose for which they were designed. *See In re Reasonover*, 236 B.R. 219, 230 (Bankr. E.D. Va. 1999) ("The trustee's strong-arm powers are meant in part to avoid 'secret liens' which take away from unsecured creditors."). It also underscores one of the purposes of Virginia's state recording laws, to "protect parties dealing with the grantor by allowing those parties to rely on the land records to determine interests in property rather than to subject them to hidden liens." *Wu v. Tseng*, 459 F.Supp.2d 468, 478 (E.D.Va. 2006) (citation omitted).

Because the Defendant's Deed of Trust is unrecorded and, therefore, unperfected under Virginia law, the court concludes that the Plaintiff is entitled, as a matter of law, to avoid the Defendant's unrecorded Deed of Trust as a hypothetical judicial lien creditor pursuant to 11 U.S.C. § 544(a)(1). The court will enter an order consistent with this memorandum opinion.

## SERVICE LIST

Julie Pape, Esq.
William B. Sullivan, Esq.
One West Fourth Street
Winston-Salem, NC 27101

Sarah F. Sparrow, Esq.
P. O. Box 2888
Greensboro, NC 27402

Michael D. West, Esq.
US Bankruptcy Administrator

Charles M. Ivey, III, Esq.
P. O. Box 3324
Greensboro, NC 27402